**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00038

NOVO LEGAL GROUP, L.L.C.

      Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Defendant.

---

## COMPLAINT FOR INJUNCTIVE RELIEF

---

    Plaintiff Novo Legal Group, L.L.C., through undersigned counsel, hereby alleges for its Complaint for Injunctive Relief as follows.

### I.  INTRODUCTION

    1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the processing and release of agency records improperly withheld from Plaintiff Novo Legal Group, L.L.C. ("Novo") from Defendant U.S. Immigration and Customs Enforcement ("ICE").

    2.    The federal government is confining more people in the custody of its immigration-enforcement agencies than it has in modern memory. Nearly 400,000 people are incarcerated under the government's immigration authority each year.

3.      In 2017, the average daily population of people in immigration confinement was nearly 40,000 people. By February 2019, that number exceeded 48,000 people, and by the middle of 2019, that number exceeded 52,000 people. Those numbers continue to grow.

4.      The United States has the largest putatively civil immigration system in the world.

5.      ICE signs long-term contracts with private prison companies, including the GEO Group, Inc., to operate and manage immigration detention facilities.

6.      The GEO Group, Inc., manages various contract detention facilities on behalf of ICE, including a facility in Aurora, Colorado.

7.      As found in the January 29, 2019, Department of Homeland Security Officer of Inspector General Report, "Although ICE employs a multilayered system to manage and oversee detention contracts, ICE does not adequately hold detention facility contractors accountable for not meeting performance standards."[1]

8.      Additionally, the Report found that "[i]nstead of holding facilities accountable through financial penalties, ICE issued waivers to facilities with deficient conditions, seeking to exempt them from complying with certain standards."[2]

9.      Further, since there are no formal waiver guidance or review processes, "ICE may be indefinitely allowing contract facilities to circumvent detention standards intended to assure the safety, security, and rights of detainees. A facility's indefinite exemption from certain detention

---

[1] DHS OFFICE OF INSPECTOR GENERAL, ICE DOES NOT FULLY USE CONTRACTING TOOLS TO HOLD DETENTION FACILITY CONTRACTORS ACCOUNTABLE FOR FAILING TO MEET PERFORMANCE STANDARDS, OIG-19-18 (Jan. 29, 2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf (last accessed Jan. 6, 2020).
[2] *Id.*

standards raises risks to detainee health and safety that ICE could reduce by enforcing compliance with those standards."[3]

10.     The American Immigration Lawyers Association and the American Immigration Council have lodged multiple complaints regarding ICE's failure to provide adequate medical and mental health care in its contract facilities, including the facility in Aurora, Colorado, operated by the GEO Group, Inc.

11.     In recent years, ICE detainees have succumbed to limb amputations, serious illnesses and infections, and death.

12.     ICE has acknowledged at least 185 deaths in its immigration prisons between October 2003 and July 2018. At least 24 people have died in the entity's custody since 2017.

13.     The FOIA request at the subject of this lawsuit seeks records from Defendant ICE regarding its contract with the GEO Group, Inc. and any other third-party contractors, to operate the immigration detention facility in Aurora, Colorado, as well as records concerning the provision of medical care to the men and women confined in the Aurora detention facility.

## II. JURISDICTION AND VENUE

14.     This Court has subject matter and personal jurisdiction over this action pursuant to 28 U.S.C. § 1331; 5 U.S.C. §§ 552(a)(4)(B) and (6)(E)(iii); and 5 U.S.C. §§ 701-06. Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B).

---

[3] *Id.* at 10.

## III. PARTIES

**Plaintiff**

15.     Novo Legal Group, L.L.C. ("Novo"), is a Denver-based law firm and advocacy organization that defends and promotes the rights of immigrants and immigrant communities throughout Colorado and across the country. Novo did business formerly as Elinoff Legal.

**Defendant**

16.     Defendant ICE is a component of the U.S. Department of Homeland Security, which is a department of the Executive Branch of the United States government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## IV. STATEMENT OF FACTS

### *Novo's FOIA Request and Appeal*

17.     On May 7, 2018, Novo submitted its FOIA Request to ICE seeking the release of:

> Any contract(s) and/or agreement(s) between the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and The GEO Group, Inc., that have been in place at any time between 2015 and the present, even if such contracts were entered into prior to 2015.

> Any contract(s) and/or agreement(s) with third-party contractors, including but not limited to The GEO Group, Inc., regarding housing ICE detainees and/or providing medical care for ICE detainees at the Denver Contract Detention Facility in Aurora, Colorado.[4]

> Any and all records related to policies and protocols in place concerning medical care for ICE detainees at the Denver Contract Detention Facility from 2015 to the present.

---

[4] As stated in the request, the "Denver Contract Detention Facility" refers to the facility at 3130 North Oakland Street in Aurora, Colorado.

> Any and all records related to staffing levels of medical personnel at the Denver Contract Detention Facility from 2015 to the present.

> Any and all records related to complaints concerning the provision of medical care at the Denver Contract Detention Facility from 2015 to the present.

> Any and all records related to compliance inspections or compliance reviews conducted by the Office of Detention Oversight or another DHS component or program for the Denver Contract Detention Facility.

18.    By email dated May 9, 2018, ICE acknowledged Novo's Request and stated, "We have queried the appropriate program offices within ICE for responsive records." In the same correspondence, ICE invoked a ten-day extension of time to respond to the Request, as permitted by 5 U.S.C. § 552(a)(6)(B).

19.    For the next three months, Novo received no further response or correspondence from ICE.

20.    By letter dated August 11, 2018, Novo appealed the constructive denial of its Request.

21.    By letter dated August 23, 2018, ICE acknowledged Novo's appeal, stating it had received the appeal on August 22, 2018.

22.    By letter dated September 20, 2018, ICE responded to Novo's appeal, stating:

> ICE has begun processing your request on a "first-in, first-out basis" and it permitted to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records.

> ICE is therefore remanding your appeal to the ICE FOIA Office for the completion of processing, including tasking to the appropriate agency/office(s) to obtain any responsive documents, and a direct response to you.

23.     For another three months, Novo received no further response or correspondence from ICE.

24.     By email dated December 19, 2018, Novo emailed the ICE FOIA Officer to inquire about the status of the Request.

25.     ICE FOIA responded more than a month later, on January 28, 2019. The email response stated, "[W]e have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. We will process your request as expeditiously as possible. Upon completion of the processing, all documents that can be released will be made available to you at the earliest possible date. We sincerely apologize for the delay you are experiencing and appreciate your continued patience.

26.     Novo has received no further response or correspondence from ICE.

27.     ICE has wrongfully withheld documents from Plaintiff Novo.

### V.  CLAIM FOR RELIEF

**Freedom of Information Act – 5 U.S.C. § 552**

28.     Defendant's failure to timely respond to the Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendant's correspondence regulations.

29.     Defendant's failure to make a reasonable effort to search for records in electronic form or format responsive to Novo's Request violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendant's corresponding regulations.

30.     Defendant's failure to make promptly available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendant's corresponding regulations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests respectfully that this Court:

    a.  Order Defendant to immediately process and release all records responsive to the Request;

    b.  Enjoin Defendant from charging Plaintiff search, review, or duplication fees for the processing of the Request;

    c.  Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

    d.  Grant such other relief as the Court may deem just and proper.

DATED: January 6, 2020

Respectfully submitted,

s/ Olivia Kohrs
Olivia Kohrs
Danielle C. Jefferis, *Of Counsel*
Novo Legal Group, LLC
4280 Morrison Rd.
Denver, CO 80219
T: 303-335-0250
F: 303-296-4586
E: olivia@novo-legal.com